IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-411

Filed 31 December 2024

Henderson County, Nos. 22 CRS 22; 22 CRS 50109; 23 CRS 75

STATE OF NORTH CAROLINA

v.

DAVID B. PRESSLEY, Defendant.

Appeal by defendant from judgments entered 16 November 2023 by Judge George Cooper Bell in Henderson County Superior Court. Heard in the Court of Appeals 23 October 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Jason Caccamo, for the State.*
>
> *Attorney Drew Nelson for defendant-appellant.*

THOMPSON, Judge.

David Pressley (defendant) appeals his convictions of first-degree forcible rape, first-degree forcible sex offense, and violent habitual felon, contending that the trial court erred by failing to inform defendant that he had the right to both open and close during closing arguments to the jury. After careful consideration, defendant's appeal is dismissed for failure to preserve the issue for appellate review.

## I. Factual Background and Procedural History

On 6 January 2022, Sierra Stahr (Sierra) and her father Ralph (Mr. Stahr)

found defendant waiting for them outside their home in Hendersonville upon returning from dinner. Sierra and Mr. Stahr knew defendant, but it had been nearly two years since they had last seen him. Defendant, who was walking with a limp, told Mr. Stahr he'd been in a motorcycle accident and Mr. Stahr invited defendant into the residence. Mr. Stahr offered defendant food and medicine for his leg and visited with defendant while Sierra went to her room to go to bed.

Mr. Stahr was going in to work the evening of 6 January 2022 and offered to give defendant a ride on the way to his job. Shortly after 9:00 p.m., Mr. Stahr woke up Sierra to let her know he was leaving for work, then Mr. Stahr dropped defendant off "down the road . . . down past my house . . . . where [defendant] said his girlfriend lived." After arriving at work, Mr. Stahr and Sierra spoke once on the phone briefly; later that evening, Mr. Stahr received word that someone had called, asked to speak to him, and reported that Mr. Stahr needed to go home because there was a family emergency at Mr. Stahr's residence. When Mr. Stahr was unable to reach Sierra by phone, he left work and went home to check on Sierra. Upon his arrival, Mr. Stahr found the screen door to the residence uncharacteristically locked, so he called for Sierra to come and open the door. When Mr. Stahr entered the residence, he stated that "it was like a cyclone went through it[,]" and Sierra immediately began apologizing to him for "tearing the house up" because she had been looking for her cell phone and her debit card.

Sierra testified that after she fell asleep, she awoke to someone knocking on

the door. Assuming it was her father coming home for "lunch," Sierra opened the door to find defendant asking to come in to retrieve some items he had left in the residence. According to Sierra, she turned to look for the items to which defendant was referring and could remember nothing after that. Sierra stated that the next thing she remembered was her father knocking on the door and she got up to let him in. Sierra recounted feeling "anxious" and "different, like something happened" to her, as well as experiencing pain in her knees, her jaw and neck, and her vaginal area. When Sierra told her father she felt like she had been attacked, Mr. Stahr called 911.

EMS transported Sierra to the hospital where she was evaluated, a rape kit was performed by a sexual assault nurse examiner (SANE), and Sierra was interviewed by law enforcement officers. The results of the rape kit revealed male DNA present on the vaginal and anal swabs taken from Sierra. The DNA profile "obtained from . . . the vaginal swabs was approximately 6.90 octillion times more likely [to have] originated from [Sierra] and [defendant] than . . . from [Sierra] and an unknown person." The DNA profile "obtained from . . . the rectal swabs was . . . . approximately 332 octillion times more likely [to have] originated from [defendant] than . . . from an unknown, unrelated individual."

Defendant was indicted for first-degree forcible rape and obtaining the status of violent habitual felon on 24 January 2022 and first-degree forcible sexual offense on 5 May 2023. Defendant's case came on for hearing at the 6 November 2023 criminal session of Henderson County Superior Court. At the beginning of the trial,

defendant made a motion to continue and a motion to release his trial attorneys due to ineffective assistance of counsel. The trial court denied defendant's motion to continue, informing defendant he could fire his attorneys and represent himself if that was defendant's preference. Defendant initially proceeded with his attorneys but halfway through the trial, defendant advised the court that he wished to fire his counsel and proceed pro se. The trial court appointed defendant's attorneys to act as standby counsel. After choosing to represent himself, defendant made several inquiries of the court regarding his ability to maintain the final closing argument to the jury.

The jury returned verdicts of guilty for the charges of first-degree forcible rape and first-degree forcible sex offense, as well as guilty of being a violent habitual felon. Defendant gave oral notice of appeal in open court.

## II. Jurisdiction

On appeal, defendant contends that he is entitled to a new trial because "the trial court erred by failing to inform [defendant] that he had the right to open the [closing] argument before the jury," as proscribed by Rule 10 of the North Carolina General Rules of Practice for Superior and District Courts.

As a preliminary matter, we must address appellate jurisdiction. Defendant failed to preserve his argument for appellate review. Rule 10 of the North Carolina Rules of Appellate Procedure states, "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion,

stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1) (2023).

Here, after both parties rested, the trial court conducted the charge conference. Following the charge conference, the trial court stated, "[i]n this case [ ] defendant has not presented any evidence. So that means that he has the opportunity to close last. And I assume that[ is] what you would like to do. Is that correct, sir?" Defendant responded, "[y]es." The trial court then indicated that the State would go first, followed by defendant. Defendant failed to object, request, or make a motion regarding his opportunity to both *open* and close the closing arguments to the jury, and therefore, this issue is unpreserved. Accordingly, we lack jurisdiction to review defendant's appeal.

### III. Suspension of Rules

As an alternative argument, defendant contends that this Court should invoke Rule 2 of the North Carolina Rules of Appellate Procedure should we determine that defendant has failed to preserve the issue for appellate review. Rule 2 states that this Court may "suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative" in order to "prevent manifest injustice to a party, or to expedite decision in the public interest[.]" N.C.R. App. P. 2.

Defendant cites to case precedent that exclusively emphasizes the importance of a defendant receiving the *final* closing argument to the jury if the defendant did

not put on any evidence. This Court has expressed that Rule 10 of the North Carolina General Rules of Practice for Superior and District Courts imposes a right that "has been deemed to be critically important and the improper deprivation of this right entitles a defendant to a new trial." *State v. English*, 194 N.C. App. 314, 317, 669 S.E.2d 869, 871 (2008). However, in *English*, the defendant received a new trial because the "trial court erroneously deprived defendant of his right to make the *final* closing argument to the jury." *Id.* at 321, 669 S.E.2d at 873 (emphasis added). In the present matter, defendant gave the *final* closing argument. Furthermore, defendant has failed to cite to any case precedent that indicates that he is entitled to a new trial because he was not informed of his right to *open* the closing arguments, nor has defendant pointed to any case precedent that indicates the trial court had an affirmative duty to inform him of such right.

After careful review, we decline to invoke Rule 2 because defendant gave the final closing argument to the jury and that is what our case precedent places "critical importance" on. Moreover, defendant has failed to demonstrate how his proposed issue on appeal constitutes "exceptional circumstances" or how "manifest injustice" would be prevented.

## IV. Conclusion

For the foregoing reasons, defendant's appeal is dismissed as he failed to preserve the issue for appellate review in accordance with Rule 10 of the North Carolina Rules of Appellate Procedure. Moreover, we decline to invoke Rule 2 of the

North Carolina Rules of Appellate Procedure.

DISMISSED.

Judges GORE and STADING concur.